Thomas C. Horne
Attorney General

Robert L. Ellman (AZ Bar No. 014410)
Solicitor General
Email: robert.ellman@azag.gov

Kathleen P. Sweeney (AZ Bar No. 011118)
Todd M. Allison (AZ Bar No. 026936)
Assistant Attorneys General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-3333
Fax:  (602) 542-8308
Email: kathleen.sweeney@azag.gov
Email: todd.allison@azag.gov

Byron Babione (AZ Bar No. 024320)
Jonathan Caleb Dalton (AZ Bar No. 030539)
Special Assistant Attorneys General
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: CDalton@alliancedefendingfreedom.org
Email: BBabione@alliancedefendingfreedom.org

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nelda Majors; Karen Bailey; David Larance; Kevin Patterson; Michelle Teichner; Barbara Morrissey; Kathy Young; Jessica Young; Kelli Olson; Jennifer Hoefle Olson; Kent Burbank; Vicente Talanquer; C.J. Castro-Byrd; Jesús Castro-Byrd; Patrick Ralph; Josefina Ahumada; and Equality Arizona,<br><br>Plaintiffs,<br><br>v.<br><br>Michael K. Jeanes, in his official capacity as Clerk of the Superior Court of Maricopa County, Arizona; Will Humble, in his official capacity as Director of the Department of Health Services; and David Raber, in his official capacity as Director of the Department of Revenue,<br><br>Defendants. | Case No: 2:14-cv-00518-JWS<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>**(DEMAND FOR JURY TRIAL ON ALL ISSUES SO TRIABLE)** |

Defendants Michael K. Jeanes, Maricopa County Superior Court Clerk ("Jeanes"); David Raber, Director of Arizona's Department of Revenue ("Raber"); and Will Humble, Director of Arizona's Department of Health Services ("Humble") (collectively, "Defendants") respond to and answer Plaintiffs' Amended Complaint as follows:

### INTRODUCTION

1.      Defendants admit that according to Plaintiffs' Amended Complaint, Plaintiffs seek declaratory and injunctive relief, but deny that Plaintiffs are entitled to that relief.  Additionally, Defendants admit that under Arizona's Constitution and statutes, the State of Arizona defines marriage as the union of one man and one woman, but deny that Arizona's Constitution and statutes violate the Fourteenth Amendment to the U.S. Constitution.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 1's remaining allegations and therefore deny them.

2.      Defendants admit the allegations contained in paragraph 2 only insofar as marriage plays a unique role in society.  Defendants deny paragraph 2's remaining allegations.

3.      Defendants admit that under Arizona's Constitution and statutes, the State of Arizona defines marriage as the union of one man and one woman, but deny that those provisions of Arizona's Constitution and statutes violate Plaintiffs' constitutional rights. Defendants affirmatively allege that paragraph 3's references to "the State's other laws" and "the State's statutes" do not provide sufficient detail for Defendants to identify what statutes (other than those that Plaintiffs have specifically identified in their Amended Complaint) Plaintiffs are asking the Court to declare unconstitutional.  Defendants deny paragraph 3's remaining allegations.

4.      Defendants are without information and knowledge sufficient to form a belief concerning the allegations of harm asserted in paragraph 4 and therefore deny them.  Defendants affirmatively allege that the harms asserted in paragraph 4 do not

entitle Plaintiffs to the requested relief.

5.     Responding to paragraph 5, Defendants admit that other states have redefined marriage to include same-sex couples.  Defendants also admit Plaintiffs' general allegation that courts and society have discarded antimiscegenation laws and laws that denied married women legal independence and the rights to own property and to make decisions for themselves.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 5's other allegations and therefore deny them.

6.     Defendants admit that according to Plaintiffs' Amended Complaint, Plaintiffs seek declaratory and injunctive relief, but deny that Plaintiffs are entitled to that relief.  Defendants are without information and knowledge sufficient to form a belief concerning the allegations of harm asserted in paragraph 6 and therefore deny them.

## PARTIES

### A. Plaintiffs

7.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 7's allegations and therefore deny them.

8.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 8's allegations and therefore deny them.

9.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 9's allegations and therefore deny them.

10.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 10's allegations and therefore deny them.

11.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 11's allegations and therefore deny them.

12.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 12's allegations and therefore deny them.

13.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 13's allegations and therefore deny them.

14. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 14's allegations and therefore deny them.

15. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 15's allegations and therefore deny them.

16. Based on the Arizona Corporation Commission's records, Defendants deny that either "Equality Arizona" or the "Arizona Human Rights Fund" is an entity incorporated under the laws of the State of Arizona. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 16's remaining allegations and therefore deny them.

**B. Defendants**

17. Defendants admit paragraph 17's allegations.

18. Defendants admit paragraph 18's allegations.

19. Defendants admit paragraph 19's allegations.

20. Responding to paragraph 20, Defendants admit that Arizona law precludes them, when acting in their official capacities, from recognizing same-sex marriages, but deny that the harms that the Amended Complaint asserts entitle Plaintiffs to the requested relief.

**<u>JURISIDICTION AND VENUE</u>**

21. Responding to paragraph 21, Defendants admit that Plaintiffs purport to bring this action under 42 U.S.C. §§ 1983 and 1988 to redress alleged constitutional violations but deny that Plaintiffs are entitled to the relief that they are seeking.

22. Defendants admit paragraph 22's allegations.

23. Defendants admit paragraph 23's allegations.

24. Responding to paragraph 24, Defendants admit that this Court has the authority to provide declaratory and injunctive relief, but deny that Plaintiffs are entitled to the requested relief.

25. Defendants admit paragraph 25's allegations.

# FACTS

26.     Responding to paragraph 26, Defendants admit that under Arizona's Constitution and statutes, the State of Arizona defines marriage as the union of one man and one woman, but deny that those provisions of Arizona's Constitution and statutes violate Plaintiffs' constitutional rights.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 26's remaining allegations and therefore deny them.

27.     Responding to paragraph 27, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 27's remaining allegations and therefore deny them.

28.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 28's allegations and therefore deny them.

29.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 29's allegations and therefore deny them.

30.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 30's allegations and therefore deny them.

31.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 31's allegations and therefore deny them.

32.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 32's allegations and therefore deny them.

33.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 33's allegations and therefore deny them.

34.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 34's allegations and therefore deny them.

35.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 35's allegations and therefore deny them.

36.     Defendants are without knowledge and information sufficient to form a

1    belief concerning paragraph 36's allegations and therefore deny them.

2          37.    Defendants admit that under Arizona's Constitution and statutes, the State

3    of Arizona defines marriage as the union of one man and one woman, but deny

4    paragraph 37's remaining allegations.

5          38.    Defendants affirmatively allege that Arizona Revised Statutes ("A.R.S.")

6    §§ 25-101(C) and -112(A) speak for themselves and deny any of paragraph 38's

7    allegations that are inconsistent with or that otherwise mischaracterize those statutes.

8    Defendants deny paragraph 38's assertion that Arizona's Legislature enacted A.R.S. §

9    25-101(C) "shortly after the passage of the federal Defense of Marriage Act" in 1996.

10   Defendants affirmatively allege that Arizona's Legislature enacted the amendments to

11   A.R.S. §§ 25-101(C) and -112(A) at issue before DOMA was even introduced in

12   Congress.  Defendants admit that under Arizona's Constitution and statutes, the State of

13   Arizona defines marriage as the union of one man and one woman.  Defendants deny

14   paragraph 38's remaining allegations.

15         39.    Defendants affirmatively allege that A.R.S. § 25-125(A) speaks for itself

16   and deny any of paragraph 39's allegations that are inconsistent with or that otherwise

17   mischaracterize that statute.  Defendants deny that in 1999, the Legislature amended

18   A.R.S. § 25-125(A) to add the language stating that a valid marriage is one "contracted

19   by a male person and a female person with a proper marriage license" that paragraph 39

20   quotes.  Defendants affirmatively allege that A.R.S. § 25-125(A) included the language

21   that paragraph 39 quotes when it was enacted in 1980 and that the 1999 amendment

22   changed other portions of the provision but did not alter the already-existing quoted

23   language.  Defendants admit that under Arizona's Constitution and statutes, the State of

24   Arizona defines marriage as the union of one man and one woman.

25         40.    Responding to paragraph 40, Defendants admit that in 2006, Arizona

26   voters did not approve Proposition 107 and that Proposition 107's language speaks for

27   itself.  Defendants affirmatively allege that the language in the second quote in paragraph

28   40 is taken from the Legislative Council's analysis of Proposition 107 and not from

Proposition 107 itself.  Defendants further affirmatively allege that Proposition 107 actually stated that "no legal status for unmarried persons shall be created or recognized by this state or its political subdivisions that is similar to that of marriage."  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 40's remaining allegations and therefore deny them.

41.     Responding to paragraph 41, Defendants admit that the Legislature referred Proposition 102 in 2008 and that the voters approved it on November 4, 2008, and placed into the Arizona Constitution as Article 30, Section 1.  Defendants affirmatively allege that Proposition 102's language speaks for itself and deny any of paragraph 41's allegations that are inconsistent with or otherwise mischaracterize Proposition 102's language.

42.     Defendants are without information and knowledge sufficient to form a belief concerning the allegations in paragraph 42 and its subsections (a)-(k) and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.  Defendants further affirmatively allege that the constitutional and statutory provisions that Plaintiffs cite in paragraph 42 speak for themselves and deny any of paragraph 42's allegations that are inconsistent with or that otherwise mischaracterize those provisions.

43.     Defendants are without information and knowledge sufficient to form a belief concerning the allegations in paragraph 43 and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.

44.     Defendants are without information and knowledge sufficient to form a belief concerning the allegations in paragraph 44 and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.

45.     Defendants are without information and knowledge sufficient to form a belief concerning the allegations in paragraph 45 and therefore deny them.  Defendants

1   affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested

2   relief.

3       46.     Defendants deny paragraph 46's allegations.

4       47.     Defendants are without information and knowledge sufficient to form a

5   belief concerning the allegations about private entities in paragraph 47 and therefore

6   deny them.  Defendants affirmatively allege that the asserted harms do not entitle

7   Plaintiffs to the requested relief.  Plaintiffs deny paragraph 47's remaining allegations.

8   Defendants deny paragraph 47's remaining allegations.

9       48.     Defendants are without information and knowledge sufficient to form a

10  belief concerning paragraph 48's allegations and therefore deny them.

11                  ***Plaintiffs Nelda Majors and Karen Bailey***

12      49.     Defendants are without information and knowledge sufficient to form a

13  belief concerning paragraph 49's allegations and therefore deny them.

14      50.     Defendants are without information and knowledge sufficient to form a

15  belief concerning paragraph 50's allegations and therefore deny them.

16      51.     Defendants are without information and knowledge sufficient to form a

17  belief concerning paragraph 51's allegations and therefore deny them.

18      52.     Responding to paragraph 52, Defendants admit that under Arizona's

19  Constitution and statutes, the State of Arizona defines marriage as the union of one man

20  and one woman.  Defendants are without information and knowledge sufficient to form a

21  belief concerning paragraph 52's remaining allegations and therefore deny them.

22      53.     Responding to paragraph 53, Defendants affirmatively allege that Arizona

23  law concerning legal guardianship speaks for itself and deny any of paragraph 53's

24  allegations that are inconsistent with or that otherwise mischaracterize that law.

25  Defendants are without information and knowledge sufficient to form a belief

26  concerning paragraph 53's allegations and therefore deny them.

27      54.     Defendants are without information and knowledge sufficient to form a

28  belief concerning paragraph 54's allegations and therefore deny them.

55.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 55's allegations and therefore deny them.

### *Plaintiffs David Larance and Kevin Patterson*

56.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 56's allegations and therefore deny them.

57.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 57's allegations and therefore deny them.

58.     Responding to paragraph 58, Defendants admit that under Arizona's Constitution and statutes, the State of Arizona defines marriage as the union of one man and one woman.  Defendants also admit that Arizona law currently permits only married couples to jointly adopt children.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 58's remaining allegations and therefore deny them.

### *Plaintiffs Michelle Teichner and Barbara Morrissey*

59.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 59's allegations and therefore deny them.

60.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 60's allegations and therefore deny them.

61.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 61's allegations and therefore deny them.

62.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 62's allegations and therefore deny them.

63.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 63's allegations and therefore deny them.

64.     Responding to paragraph 64, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 64's remaining allegations and therefore deny them.

65.     Responding to paragraph 65, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants further admit that Arizona law allows only persons whose marriages are recognized under Arizona law to file a married-filing-jointly or a married-filing-separately state tax return.  Defendants also admit that the Arizona Department of Revenue requires each member of a same-sex couple that files a joint federal income tax return to file an individual income allocation schedule.  Defendants affirmatively allege that the state laws that paragraph 65 references speak for themselves.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 65's remaining allegations and therefore deny them.

66.     Responding to paragraph 66, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 66's remaining allegations and therefore deny them.

### *Plaintiffs Kathy Young and Jessica Young*

67.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 67's allegations and therefore deny them.

68.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 68's allegations and therefore deny them.

69.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 69's allegations and therefore deny them.

70.     Responding to paragraph 70, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants further admit that Arizona law permits stepparent adoptions.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 70's remaining allegations and therefore deny them.

71.     Responding to paragraph 71, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants

further admit that Arizona law permits stepparent adoptions.  Defendants affirmatively allege that Arizona law concerning "parentage presumptions" speaks for itself and deny any of paragraph 71's allegations that are inconsistent with or that otherwise mischaracterize that law.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 71's remaining allegations and therefore deny them.

72.     Responding to paragraph 72, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants further admit that Arizona law allows only persons whose marriages are recognized under Arizona law to file a married-filing-jointly or a married-filing-separately state tax return.  Defendants also admit that the Arizona Department of Revenue requires each member of a same-sex couple that files a joint federal income tax return to file an individual allocation schedule.  Defendants affirmatively allege that the state laws that paragraph 72 references speak for themselves.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 72's remaining allegations and therefore deny them.

*Plaintiffs Kelli Olson and Jennifer Hoefle Olson*

73.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 73's allegations and therefore deny them.

74.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 74's allegations and therefore deny them.

75.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 75's allegations and therefore deny them.

76.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 76's allegations and therefore deny them.

77.     Responding to paragraph 77, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants further admit that Arizona law permits stepparent adoptions.  Defendants affirmatively

1  allege that Arizona law concerning "parentage presumptions" speaks for itself and deny
2  any of paragraph 77's allegations that are inconsistent with or that otherwise
3  mischaracterize that law.  Defendants are without knowledge and information sufficient
4  to form a belief concerning paragraph 77's remaining allegations and therefore deny
5  them.

6       78.    Defendants are without knowledge and information sufficient to form a
7  belief concerning paragraph 78's allegations and therefore deny them.

8       79.    Responding to paragraph 79, Defendants admit that Arizona's Constitution
9  and statutes define marriage as the union of one man and one woman.  Defendants
10 further admit that Arizona law allows only persons whose marriages are recognized
11 under Arizona law to file a married-filing-jointly or a married-filing-separately state tax
12 return.  Defendants also admit that the Arizona Department of Revenue requires each
13 member of a same-sex couple that files a joint federal income tax return to file an
14 individual income allocation schedule.  Defendants affirmatively allege that the state
15 laws that paragraph 79 references speak for themselves.  Defendants are without
16 information and knowledge sufficient to form a belief concerning paragraph 79's
17 remaining allegations and therefore deny them.

18                    ***Plaintiffs Kent Burbank and Vicente Talanquer***

19      80.    Defendants are without knowledge and information sufficient to form a
20 belief concerning paragraph 80's allegations and therefore deny them.

21      81.    Defendants are without knowledge and information sufficient to form a
22 belief concerning paragraph 81's allegations and therefore deny them.

23      82.    Defendants are without knowledge and information sufficient to form a
24 belief concerning paragraph 82's allegations and therefore deny them.

25      83.    Responding to paragraph 83, Defendants admit that Arizona's Constitution
26 and statutes define marriage as the union of one man and one woman.  Defendants
27 further admit that Arizona law currently permits only married couples to jointly adopt
28 children.  Defendants also admit that Arizona law permits stepparent adoptions.

1    Defendants are without knowledge and information sufficient to form a belief

2    concerning paragraph 83's remaining allegations and therefore deny them.

3        84.    Responding to paragraph 84, Defendants admit that Arizona's Constitution

4    and statutes define marriage as the union of one man and one woman.  Defendants

5    further admit that Arizona law permits stepparent adoptions.  Defendants are without

6    knowledge and information sufficient to form a belief concerning paragraph 84's

7    remaining allegations and therefore deny them.

8        85.    Defendants are without knowledge and information sufficient to form a

9    belief concerning paragraph 85's allegations and therefore deny them.

10       86.    Responding to paragraph 86, Defendants admit that Arizona's Constitution

11   and statutes define marriage as the union of one man and one woman.  Defendants are

12   without knowledge and information sufficient to form a belief concerning paragraph 86's

13   remaining allegations and therefore deny them.

14       87.    Responding to paragraph 87, Defendants admit that Arizona's Constitution

15   and statutes define marriage as the union of one man and one woman.  Defendants

16   further admit that Arizona law allows only persons whose marriages are recognized

17   under Arizona law to file a married-filing-jointly or a married-filing-separately state tax

18   return.  Defendants also admit that the Arizona Department of Revenue requires each

19   member of a same-sex couple that files a joint federal income tax return to file an

20   individual income allocation schedule.  Defendants affirmatively allege that the state

21   laws that paragraph 87 references speak for themselves.  Defendants are without

22   information and knowledge sufficient to form a belief concerning paragraph 87's

23   remaining allegations and therefore deny them.

24                  ***Plaintiffs C.J. Castro-Byrd and Jesús Castro-Byrd***

25       88.    Defendants are without knowledge and information sufficient to form a

26   belief concerning paragraph 88's allegations and therefore deny them.

27       89.    Responding to paragraph 89, Defendants admit that Arizona's Constitution

28   and statutes define marriage as the union of one man and one woman.  Defendants are

1  without knowledge and information sufficient to form a belief concerning paragraph 89's

2  remaining allegations and therefore deny them.

3       90.    Defendants are without knowledge and information sufficient to form a

4  belief concerning paragraph 90's allegations and therefore deny them.

5       91.    Defendants are without knowledge and information sufficient to form a

6  belief concerning paragraph 91's allegations and therefore deny them.

7       92.    Defendants are without knowledge and information sufficient to form a

8  belief concerning paragraph 92's allegations and therefore deny them.

9       93.    Responding to paragraph 93, Defendants admit that Arizona's Constitution

10  and statutes define marriage exclusively as the union of one man and one woman.

11  Defendants further admit that Arizona law allows only persons whose marriages are

12  recognized under Arizona law to file a married-filing-jointly or a married-filing-

13  separately state tax return.  Defendants also admit that the Arizona Department of

14  Revenue requires each member of a same-sex couple that files a joint federal income tax

15  return to file an individual income allocation schedule.  Defendants affirmatively allege

16  that the state laws that paragraph 87 references speak for themselves.  Defendants are

17  without information and knowledge sufficient to form a belief concerning paragraph 93's

18  remaining allegations and therefore deny them.

19       94.    Responding to paragraph 94, Defendants admit that Arizona's Constitution

20  and statutes define marriage as the union of one man and one woman.  Defendants

21  further admit that Arizona law currently permits only married couples to jointly adopt

22  children.  Defendants are without knowledge and information sufficient to form a belief

23  concerning paragraph 94's remaining allegations and therefore deny them.

24       95.    Responding to paragraph 95, Defendants admit that Arizona's Constitution

25  and statutes define marriage as the union of one man and one woman.  Defendants are

26  without knowledge and information sufficient to form a belief concerning paragraph 95's

27  remaining allegations and therefore deny them.

28

*Plaintiff Patrick Ralph*

96.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 96's allegations and therefore deny them.

97.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 97's allegations and therefore deny them.

98.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 98's allegations and therefore deny them.

99.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 99's allegations and therefore deny them.

100.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 100's allegations and therefore deny them.

101.    Responding to paragraph 101, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 101's remaining allegations and therefore deny them.

102.    Responding to paragraph 102, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 102's remaining allegations and therefore deny them.

103.    Responding to paragraph 103, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 103's remaining allegations and therefore deny them.

*Plaintiff Josefina Ahumada*

104.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 104's allegations and therefore deny them.

105.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 105's allegations and therefore deny them.

106.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 106's allegations and therefore deny them.

107.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 107's allegations and therefore deny them.

108.    Responding to paragraph 108, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 108's remaining allegations and therefore deny them.

109.    Responding to paragraph 109, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 109's remaining allegations and therefore deny them.

### Plaintiff Equality Arizona

110.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 110's allegations and therefore deny them.

### General Allegations

111.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 111's allegations about an "individual's capacity to establish a loving and enduring relationship" and therefore deny it.  Defendants deny paragraph 111's remaining allegations.

112.    Responding to paragraph 112, Defendants admit Plaintiffs' general allegation that courts and society have discarded prior restrictions on interracial marriage and coverture.  Defendants deny paragraph 112's remaining allegations.

113.    Defendants affirmatively allege that United States Supreme Court case law speaks for itself.  Defendants deny any of paragraph 113's allegations that are inconsistent with or that otherwise mischaracterize that case law.

114.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 114's allegations and therefore deny them.

115.   Defendants admit that "the State has a valid interest in protecting the public fisc."  Defendants deny that the State has made any invidious distinctions between classes of its citizens.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 115's remaining allegations and therefore deny them.

116.   Defendants admit that the State has an interest in child welfare, but deny paragraph 116's remaining allegations.

117.   Defendants deny the first allegation in paragraph 117 about marriage's effect on the home environment where children are raised.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 117's remaining allegations and therefore deny them.

118.   Defendants deny paragraph 118's allegations.

119.   Defendants affirmatively allege that the cases that paragraph 119 references speak for themselves.  Defendants deny any of paragraph 119's allegations that are inconsistent with or that otherwise mischaracterize the scope of the holdings in those cases.

120.   Defendants deny paragraph 120's allegations.

121.   Defendants deny paragraph 121's allegations.

122.   Defendants admit that the State has an interest in the welfare of all children.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 122's remaining allegations and therefore deny them.

## FIRST CLAIM FOR RELIEF

### Equal Protection on the Basis of Sexual Orientation and Sex
### U.S. Const. Amend. XIV, 42 U.S.C. § 1983

123.   Defendants incorporate their responses to paragraphs 1 through 122 as if fully set forth herein.

124.   Paragraph 124 recites the relief that Plaintiffs request in this lawsuit. Defendants are not required to respond to such allegations in this responsive pleading. To the extent that any response is necessary, Defendants deny that Plaintiffs are entitled

to any of the relief that they request.

125.   Responding to paragraph 125, Defendants admit that Section 1 of the Fourteenth Amendment to the U.S. Constitution provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  Defendants deny paragraph 125's remaining allegations.

126.   Defendants deny paragraph 126's allegations.  Defendants affirmatively allege that the reference to "all other sources of Arizona law" does not provide sufficient detail for Defendants to identify what sources of Arizona law (other than those that Plaintiffs have specifically identified in their Amended Complaint) Plaintiffs are asking the Court to declare unconstitutional.

127.   Defendants deny paragraph 127's remaining allegations.

128.   Defendants deny paragraph 128's remaining allegations.

129.   Defendants deny paragraph 129's remaining allegations.

130.   Responding to paragraph 130, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman, but deny that those constitutional and statutory provisions violate Plaintiffs' constitutional rights.  Defendants deny paragraph 130's remaining allegations.

131.   Defendants deny that same-sex couples are identical to opposite-sex couples in all characteristics related to the State's interest in marriage. Defendants are without information and knowledge sufficient to form a belief concerning paragraph 131's remaining allegations and therefore deny them.

132.   Defendants are without information and knowledge sufficient to form a belief concerning paragraph 132's allegations and therefore deny them.

133.   Responding to paragraph 133, Defendants admit on information and belief that some individuals in same-sex relationships raise children together.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 133's remaining allegations and therefore deny them.

134.   Defendants deny paragraph 134's allegations.

135.   Responding to paragraph 135, Defendants affirmatively allege that case law setting out the appropriate level of scrutiny speaks for itself and deny any of paragraph 135's allegations that are inconsistent with or that otherwise mischaracterize the legal determinations in those cases.  Defendants deny paragraph 135's remaining allegations.

136.   Responding to paragraph 136, Defendants admit on information and belief that some individuals that identify as lesbian or gay have been discriminated against. Defendants are without information and knowledge sufficient to form a belief concerning paragraph 136's remaining allegations and therefore deny them.

137.   Defendants admit paragraph 137's allegations.  But Defendants affirmatively allege that in light of the State's interest in and purpose for marriage, same-sex couples contribute to society in ways that are different from opposite-sex couples.

138.   Defendants are without information and knowledge sufficient to form a belief concerning paragraph 138's allegations and therefore deny them.

139.   Defendants are without information and knowledge sufficient to form a belief concerning paragraph 139's allegations and therefore deny them.

140.   Defendants deny the allegations in the first sentence of paragraph 140. Defendants are without information and knowledge sufficient to form a belief concerning paragraph 140's remaining allegations and therefore deny them.  All the generically referenced laws in paragraph 140 speak for themselves, and Defendants deny any of paragraph 140's allegations that are inconsistent with or that otherwise mischaracterize those laws.

141.   Defendants are without information and knowledge sufficient to form a belief concerning paragraph 141's allegations and therefore deny them.  All the generically referenced laws in paragraph 141 speak for themselves, and Defendants deny any of paragraph 141's allegations that are inconsistent with or that otherwise mischaracterize those laws.

142.   Defendants deny paragraph 142's allegations.

143.    Responding to paragraph 143, Defendants affirmatively allege that the Arizona Constitution's Article 30, Section 1 speaks for itself and deny any of paragraph 143's allegations that are inconsistent with or that otherwise mischaracterize that provision.  Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants deny paragraph 143's remaining allegations.

144.    Responding to paragraph 144, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants deny that those laws create an impermissible sex-based classification or otherwise discriminate on the basis of sex.  Defendants are without information and knowledge sufficient to form a belief concerning the remaining allegations contained in paragraph 144 and therefore deny them.

145.    Defendants deny paragraph 145's allegations.

146.    Responding to paragraph 146, Defendants admit that Arizona law does not create legal distinctions between the duties of husbands and wives, but deny paragraph 146's remaining allegations.

147.    Defendants deny paragraph 147's allegations.

148.    Defendants deny paragraph 148's allegations.

## SECOND CLAIM FOR RELIEF

### Substantive Due Process
### U.S. Const. Amend. XIV, 42 U.S.C. § 1983

149.    Defendants incorporate their responses to paragraphs 1 through 148 as if fully set forth herein.

150.    Paragraph 150 recites the relief that Plaintiffs request in this lawsuit. Defendants are not required to respond to such allegations.  To the extent that any response is required, Defendants deny that Plaintiffs are entitled to any of the relief that they request.

151.    Responding to paragraph 151, Defendants admit that Section 1 of the Fourteenth Amendment to the U.S. Constitution provides that no "State [shall] deprive

any person of life, liberty, or property, without due process of law." Defendants deny paragraph 151's remaining allegations.

152.   Responding to paragraph 152, Defendants affirmatively allege that the Fourteenth Amendment to the U.S. Constitution speaks for itself and deny any of paragraph 152's allegations that are inconsistent with or that otherwise mischaracterize that constitutional provision.  Defendants further affirmatively allege that whatever rights and interests Plaintiffs have in their private intimate conduct and family relationships do not entitle them to the relief that they request in their Amended Complaint.  Defendants deny paragraph 152's remaining allegations.

153.   Defendants deny paragraph 153's allegations.  Defendants affirmatively allege that paragraph 153's reference to "all other sources of Arizona law" does not provide sufficient detail for Defendants to identify what sources of Arizona law (other than those that Plaintiffs have specifically identified in their Amended Complaint) Plaintiffs are asking the Court to declare unconstitutional.

154.   Defendants deny paragraph 154's allegations.

155.    Defendants affirmatively allege that paragraph 155's allegations contain conclusions of law that require no response and that the law speaks for itself.  To the extent that a response is required, Defendants deny paragraph 155's allegations.

156.   Responding to paragraph 156, Defendants admit that as Maricopa County Superior Court Clerk, Defendant Jeanes is responsible for the issuance of marriage licenses.  Defendants deny paragraph 156's remaining allegations.

157.   Responding to paragraph 157, Defendants admit that as Arizona's Director of Health Services and the State's Registrar of Vital Records, Defendant Humble is responsible for the issuance of Arizona death certificates and the licensure of Arizona health care institutions.  Defendants deny paragraph 157's remaining allegations.

158.   Responding to paragraph 158, Defendants admit that as Director of Arizona's Department of Revenue, Defendant Raber is responsible for overseeing Arizona's tax administration and revenue collection by the Department of Revenue. Defendants deny paragraph 158's remaining allegations.

159.   Defendants deny paragraph 159's allegations..

160.   Defendants deny paragraph 160's allegations.

**DECLARATORY AND INJUNCTIVE RELIEF**

**28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure, Rules 57 and 65**

161.   Defendants incorporate their responses to paragraphs 1 through 160 as if fully set forth herein.

162.   Defendants deny that Plaintiffs are entitled to the declaratory relief that they request.  Defendants are without information and knowledge sufficient to form a belief concerning the allegations of harm that paragraph 162 asserts and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.

163.   Defendants deny that Plaintiffs are entitled to the preliminary and/or permanent injunctive relief that they request.  Defendants are without information and knowledge sufficient to form a belief concerning the allegations of harm that paragraph 163 asserts and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.

164.   Defendants deny paragraph 164's allegations. Defendants affirmatively allege that preliminary relief is not appropriate in this case. *See* Order, *Herbert v. Kitchen*, No. 13A687 (U.S. Jan. 6, 2014).

**GENERAL DENIAL**

165.   Defendants deny each and every allegation not specifically and expressly admitted herein.

**PRAYER FOR RELIEF**

Responding to paragraphs (A), (B), (C), (D), and (E) of Plaintiffs' Amended Complaint, Defendants affirmatively allege that those paragraphs constitute Plaintiffs' prayer for relief and that Defendants are not required to respond to such allegations.  To the extent that any response is required, Defendants deny that Plaintiffs are entitled to any of the requested relief.  Defendants affirmatively allege that the references to "any

1    other sources of Arizona law" in paragraphs A and B do not provide sufficient detail for
2    Defendants to identify what sources of Arizona law (other than those that Plaintiffs have
3    specifically identified in their Amended Complaint) Plaintiffs are asking the Court to
4    declare unconstitutional.

5    ## **AFFIRMATIVE DEFENSES**

6    1.    All or part of Plaintiffs' Amended Complaint fails to state a claim upon
7    which relief can be granted.

8    2.    Defendants reserve the right to assert all additional defenses available to
9    them, including all defenses that Federal Rules of Civil Procedure 8 and 12 set forth.

10   Having fully answered Plaintiffs' Amended Complaint, Defendants respectfully
11   request that the Court deny Plaintiffs' requests for relief, order that Plaintiffs take
12   nothing, and award Defendants any other and further relief that the Court deems
13   appropriate.

14   ## **DEMAND FOR JURY TRIAL**

15   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby
16   demand a trial by jury in this action on all issues so triable.

17   Respectfully submitted this 18th day of April, 2014.

18                          Thomas C. Horne
                            Attorney General

19                          Robert L. Ellman
20                          Solicitor General

21                           s/ *Kathleen P. Sweeney*
22                          Kathleen P. Sweeney
                            Todd M. Allison
23                          Assistant Attorneys General

24                          Byron J. Babione
                            Jonathan Caleb Dalton
25                          Special Assistant Attorneys General
                            Alliance Defending Freedom

26                          Attorneys for Defendants

27

28

                            23

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same if non-registrants, this 18th day of April, 2014:

Jennifer C. Pizer
Carmina Ocampo
Joshua J. Johnson
Lambda Legal Defense & Education Fund, Inc.
4221 Wilshire Blvd., Suite 280
Los Angeles, CA 90010
jpizer@lambdalegal.org
cocampo@lambdalegal.org
jjohnson@lambdalegal.org

Paul F. Eckstein
Daniel C. Barr
Kirstin T. Eidenbach
Barry G. Stratford
Alexis E. Danneman
Perkins Coie LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
PEckstein@perkinscoie.com
DBarr@perkinscoie.com
KEidenbach@perkinscoie.com
BStratford@perkinscoie.com
ADanneman@perkinscoie.com
DocketPHX@perkinscoie.com

Attorneys for Plaintiffs

 s/  Maureen Riordan

#3786993

24