Thomas C. Horne
Attorney General

Robert L. Ellman (AZ Bar No. 014410)
Solicitor General
Email: robert.ellman@azag.gov

Kathleen P. Sweeney (AZ Bar No. 011118)
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-3333
Fax:  (602) 542-8308
Email: kathleen.sweeney@azag.gov

Byron Babione (AZ Bar No. 024320)
James A. Campbell (AZ Bar No. 026737)
Kenneth J. Connelly (AZ Bar No. 025420)
J. Caleb Dalton (AZ Bar No. 030539)
Special Assistant Attorneys General
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: bbabione@alliancedefendingfreedom.org
Email: jcampbell@alliancedefendingfreedom.org
Email: kconnelly@alliancedefendingfreedom.org
Email: cdalton@alliancedefendingfreedom.org

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nelda Majors; Karen Bailey; David Larance; Kevin Patterson; George Martinez; Fred McQuire; Michelle Teichner; Barbara Morrissey; Kathy Young; Jessica Young; Kelli Olson; Jennifer Hoefle Olson; Kent Burbank; Vicente Talanquer; C.J. Castro-Byrd; Jesús Castro-Byrd; Patrick Ralph; Josefina Ahumada; and Equality Arizona,<br><br>                              Plaintiffs,<br>v.<br><br>Michael K. Jeanes, in his official capacity as Clerk of the Superior Court of Maricopa County, Arizona; Will Humble, in his official capacity as Director of the Department of Health Services; and David Raber, in his official capacity as Director of the Department of Revenue,<br><br>                              Defendants. | Case No: 2:14-cv-00518-JWS<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**(DEMAND FOR JURY TRIAL ON ALL ISSUES SO TRIABLE)** |

Defendants Michael K. Jeanes, Maricopa County Superior Court Clerk ("Jeanes"); David Raber, Director of Arizona's Department of Revenue ("Raber"); and Will Humble, Director of Arizona's Department of Health Services ("Humble") (collectively, "Defendants") respond to and answer Plaintiffs' Second Amended Complaint as follows:

**<u>INTRODUCTION</u>**

Defendants admit that according to Plaintiffs' Second Amended Complaint, Plaintiffs seek declaratory and injunctive relief, but deny that Plaintiffs are entitled to that relief.  Additionally, Defendants admit that under Arizona's Constitution and statutes, the State of Arizona defines marriage as the union of one man and one woman, but deny that Arizona's Constitution and statutes violate the Fourteenth Amendment to the U.S. Constitution.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 1's remaining allegations and therefore deny them.

Defendants admit the allegations contained in paragraph 2 only insofar as marriage plays a unique role in society.  Defendants deny paragraph 2's remaining allegations.

Defendants admit that under Arizona's Constitution and statutes, the State of Arizona defines marriage as the union of one man and one woman, but deny that those provisions of Arizona's Constitution and statutes violate Plaintiffs' constitutional rights. Defendants affirmatively allege that paragraph 3's references to "the State's other laws" and "the State's statutes" do not provide sufficient detail for Defendants to identify what statutes (other than those that Plaintiffs have specifically identified in their Second Amended Complaint) Plaintiffs are asking the Court to declare unconstitutional. Defendants deny paragraph 3's remaining allegations.

1.	Defendants are without information and knowledge sufficient to form a belief concerning the allegations of harm asserted in paragraph 4 and therefore deny them.  Defendants affirmatively allege that the harms asserted in paragraph 4 do not entitle Plaintiffs to the requested relief.

2.      Defendants admit that under Arizona's Constitution and statutes, the State of Arizona defines marriage as the union of one man and one woman, but deny that those provisions of Arizona's Constitution and statutes violate Plaintiffs' constitutional rights and deny that Plaintiffs are entitled to the relief sought.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 5's remaining allegations and therefore deny them.

3.      Defendants are without information and knowledge sufficient to form a belief concerning the allegations of harm asserted in paragraph 6 and therefore deny them.  Defendants affirmatively allege that the harms asserted in paragraph 6 do not entitle Plaintiffs to the requested relief.

4.      Responding to paragraph 7, Defendants admit that other states have redefined marriage to include same-sex couples.  Defendants also admit Plaintiffs' general allegation that courts and society have discarded antimiscegenation laws and laws that denied married women legal independence and the rights to own property and to make decisions for themselves.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 7's other allegations and therefore deny them.

5.      Defendants admit that according to Plaintiffs' Second Amended Complaint, Plaintiffs seek declaratory and injunctive relief, but deny that Plaintiffs are entitled to that relief.  Defendants are without information and knowledge sufficient to form a belief concerning the allegations of harm asserted in paragraph 8 and therefore deny them.

## PARTIES

### A.  Plaintiffs

6.      Defendants are without knowledge and information sufficient to form a belief concerning paragraph 9's allegations and therefore deny them.

7.      Defendants are without knowledge and information sufficient to form a belief concerning paragraph 10's allegations and therefore deny them.

8. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 11's allegations and therefore deny them.

9. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 12's allegations and therefore deny them.

10. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 13's allegations and therefore deny them.

11. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 14's allegations and therefore deny them.

12. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 15's allegations and therefore deny them.

13. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 16's allegations and therefore deny them.

14. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 17's allegations and therefore deny them.

15. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 18's allegations and therefore deny them.

16. Based on the Arizona Corporation Commission's records, Defendants deny that either "Equality Arizona" or the "Arizona Human Rights Fund" is an entity incorporated under the laws of the State of Arizona. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 19's remaining allegations and therefore deny them.

**B. Defendants**

17. Defendants admit paragraph 20's allegations.

18. Defendants admit paragraph 21's allegations.

19. Defendants admit paragraph 22's allegations.

20. Responding to paragraph 23, Defendants admit that Arizona law precludes them, when acting in their official capacities, from recognizing same-sex marriages, but deny that the harms that the Second Amended Complaint asserts entitle Plaintiffs to the

1  requested relief.

2  **JURISIDICTION AND VENUE**

3      21.     Responding to paragraph 24, Defendants admit that Plaintiffs purport to

4  bring this action under 42 U.S.C. §§ 1983 and 1988 to redress alleged constitutional

5  violations but deny that Plaintiffs are entitled to the relief that they are seeking.

6      22.     Defendants admit paragraph 25's allegations.

7      23.     Defendants admit paragraph 26's allegations.

8      24.     Responding to paragraph 27, Defendants admit that this Court has the

9  authority to provide declaratory and injunctive relief, but deny that Plaintiffs are entitled

10  to the requested relief.

11     25.     Defendants admit paragraph 28's allegations.

12  **FACTS**

13     26.     Responding to paragraph 29, Defendants admit that under Arizona's

14  Constitution and statutes, the State of Arizona defines marriage as the union of one man

15  and one woman, but deny that those provisions of Arizona's Constitution and statutes

16  violate Plaintiffs' constitutional rights.  Defendants are without knowledge and

17  information sufficient to form a belief concerning paragraph 29's remaining allegations

18  and therefore deny them.

19     27.     Responding to paragraph 30, Defendants admit that Arizona's Constitution

20  and statutes define marriage as the union of one man and one woman.  Defendants are

21  without knowledge and information sufficient to form a belief concerning paragraph 30's

22  remaining allegations and therefore deny them.

23     28.     Defendants are without knowledge and information sufficient to form a

24  belief concerning paragraph 31's allegations and therefore deny them.

25     29.     Defendants are without knowledge and information sufficient to form a

26  belief concerning paragraph 32's allegations and therefore deny them.

27     30.     Defendants are without knowledge and information sufficient to form a

28  belief concerning paragraph 33's allegations and therefore deny them.

31.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 34's allegations and therefore deny them.

32.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 35's allegations and therefore deny them.

33.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 36's allegations and therefore deny them.

34.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 37's allegations and therefore deny them.

35.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 38's allegations and therefore deny them.

36.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 39's allegations and therefore deny them.

37.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 40's allegations and therefore deny them.

38.     Defendants admit that under Arizona's Constitution and statutes, the State of Arizona defines marriage as the union of one man and one woman, but deny paragraph 41's remaining allegations.

39.     Defendants affirmatively allege that Arizona Revised Statutes ("A.R.S.") §§ 25-101(C) and -112(A) speak for themselves and deny any of paragraph 42's allegations that are inconsistent with or that otherwise mischaracterize those statutes. Defendants deny paragraph 42's assertion that Arizona's Legislature enacted A.R.S. § 25-101(C) "shortly after the passage of the federal Defense of Marriage Act" in 1996. Defendants affirmatively allege that Arizona's Legislature enacted the amendments to A.R.S. §§ 25-101(C) and -112(A) at issue before DOMA was even introduced in Congress.  Defendants admit that under Arizona's Constitution and statutes, the State of Arizona defines marriage as the union of one man and one woman.  Defendants deny paragraph 42's remaining allegations.

40.     Defendants affirmatively allege that A.R.S. § 25-125(A) speaks for itself

1   and deny any of paragraph 43's allegations that are inconsistent with or that otherwise

2   mischaracterize that statute.  Defendants deny that in 1999, the Legislature amended

3   A.R.S. § 25-125(A) to add the language stating that a valid marriage is one "contracted

4   by a male person and a female person with a proper marriage license" that paragraph 43

5   quotes.  Defendants affirmatively allege that A.R.S. § 25-125(A) included the language

6   that paragraph 43 quotes when it was enacted in 1980 and that the 1999 amendment

7   changed other portions of the provision but did not alter the already-existing quoted

8   language.  Defendants admit that under Arizona's Constitution and statutes, the State of

9   Arizona defines marriage as the union of one man and one woman.

10   41.   Responding to paragraph 44, Defendants admit that in 2006, Arizona

11   voters did not approve Proposition 107 and that Proposition 107's language speaks for

12   itself.  Defendants affirmatively allege that the language in the second quote in paragraph

13   44 is taken from the Legislative Council's analysis of Proposition 107 and not from

14   Proposition 107 itself.  Defendants further affirmatively allege that Proposition 107

15   actually stated that "no legal status for unmarried persons shall be created or recognized

16   by this state or its political subdivisions that is similar to that of marriage."  Defendants

17   are without knowledge and information sufficient to form a belief concerning paragraph

18   44's remaining allegations and therefore deny them.

19   42.   Responding to paragraph 45, Defendants admit that the Legislature

20   referred Proposition 102 in 2008 and that the voters approved it on November 4, 2008,

21   and placed into the Arizona Constitution as Article 30, Section 1.  Defendants

22   affirmatively allege that Proposition 102's language speaks for itself and deny any of

23   paragraph 45's allegations that are inconsistent with or otherwise mischaracterize

24   Proposition 102's language.

25   43.   Defendants are without information and knowledge sufficient to form a

26   belief concerning the allegations in paragraph 46 and its subsections (a)-(k) and therefore

27   deny them.  Defendants affirmatively allege that the asserted harms do not entitle

28   Plaintiffs to the requested relief.  Defendants further affirmatively allege that the

constitutional and statutory provisions that Plaintiffs cite in paragraph 46 speak for themselves and deny any of paragraph 46's allegations that are inconsistent with or that otherwise mischaracterize those provisions.

44.    Defendants are without information and knowledge sufficient to form a belief concerning the allegations in paragraph 47 and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.

45.    Defendants are without information and knowledge sufficient to form a belief concerning the allegations in paragraph 48 and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.

46.    Defendants are without information and knowledge sufficient to form a belief concerning the allegations in paragraph 49 and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.

47.    Defendants deny paragraph 50's allegations.

48.    Defendants are without information and knowledge sufficient to form a belief concerning the allegations about private entities in paragraph 51 and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.  Defendants deny paragraph 51's remaining allegations.

49.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 52's allegations and therefore deny them.

### Plaintiffs Nelda Majors and Karen Bailey

50.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 53's allegations and therefore deny them.

51.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 54's allegations and therefore deny them.

52.    Defendants are without information and knowledge sufficient to form a

1   belief concerning paragraph 55's allegations and therefore deny them.

2        53.    Responding to paragraph 56, Defendants admit that under Arizona's

3   Constitution and statutes, the State of Arizona defines marriage as the union of one man

4   and one woman.  Defendants are without information and knowledge sufficient to form a

5   belief concerning paragraph 56's remaining allegations and therefore deny them.

6        54.    Responding to paragraph 57, Defendants affirmatively allege that Arizona

7   law concerning legal guardianship speaks for itself and deny any of paragraph 57's

8   allegations that are inconsistent with or that otherwise mischaracterize that law.

9   Defendants are without information and knowledge sufficient to form a belief

10  concerning paragraph 57's allegations and therefore deny them.

11       55.    Defendants are without information and knowledge sufficient to form a

12  belief concerning paragraph 58's allegations and therefore deny them.

13       56.    Defendants are without information and knowledge sufficient to form a

14  belief concerning paragraph 59's allegations and therefore deny them.

15             ***Plaintiffs David Larance and Kevin Patterson***

16       57.    Defendants are without information and knowledge sufficient to form a

17  belief concerning paragraph 60's allegations and therefore deny them.

18       58.    Defendants are without information and knowledge sufficient to form a

19  belief concerning paragraph 61's allegations and therefore deny them.

20       59.    Responding to paragraph 62, Defendants admit that under Arizona's

21  Constitution and statutes, the State of Arizona defines marriage as the union of one man

22  and one woman.  Defendants also admit that Arizona law currently permits only married

23  couples to jointly adopt children.  Defendants are without information and knowledge

24  sufficient to form a belief concerning paragraph 62's remaining allegations and therefore

25  deny them.

26             ***Plaintiffs George Martinez and Fred McQuire***

27       60.    Defendants are without information and knowledge sufficient to form a

28  belief concerning paragraph 63's allegations and therefore deny them.

61.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 64's allegations and therefore deny them.

62.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 65's allegations and therefore deny them.

63.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 66's allegations and therefore deny them.

64.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 67's allegations and therefore deny them.

65.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 68's allegations and therefore deny them.

66.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 69's allegations and therefore deny them.

67.     Defendants admit that under Arizona's Constitution and statutes, the State of Arizona defines marriage as the union of one man and one woman, but are without information and knowledge sufficient to form a belief concerning paragraph 70's allegations and therefore deny them.

68.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 71's allegations and therefore deny them.

69.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 72's allegations and therefore deny them.

70.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 73's allegations and therefore deny them.

71.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 74's allegations and therefore deny them.

72.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 75's allegations and therefore deny them.

73.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 76's allegations and therefore deny them.

74.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 77's allegations and therefore deny them.

75.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 78's allegations and therefore deny them.

76.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 79's allegations and therefore deny them.

77.     Defendants are without information and knowledge sufficient to form a belief concerning the allegations of harm asserted in paragraph 80 and therefore deny them.  Defendants affirmatively allege that the harms asserted in paragraph 80 do not entitle Plaintiffs to the requested relief.

### *Plaintiffs Michelle Teichner and Barbara Morrissey*

78.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 81's allegations and therefore deny them.

79.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 82's allegations and therefore deny them.

80.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 83's allegations and therefore deny them.

81.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 84's allegations and therefore deny them.

82.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 85's allegations and therefore deny them.

83.     Responding to paragraph 86, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 86's remaining allegations and therefore deny them.

84.     Responding to paragraph 87, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants further admit that Arizona law allows only persons whose marriages are recognized

under Arizona law to file a married-filing-jointly or a married-filing-separately state tax return.  Defendants also admit that the Arizona Department of Revenue requires each member of a same-sex couple that files a joint federal income tax return to file an individual income allocation schedule.  Defendants affirmatively allege that the state laws that paragraph 87 references speak for themselves.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 87's remaining allegations and therefore deny them.

85.     Responding to paragraph 88, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 88's remaining allegations and therefore deny them.

### Plaintiffs Kathy Young and Jessica Young

86.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 89's allegations and therefore deny them.

87.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 90's allegations and therefore deny them.

88.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 91's allegations and therefore deny them.

89.     Responding to paragraph 92, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants further admit that Arizona law permits stepparent adoptions.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 92's remaining allegations and therefore deny them.

90.     Responding to paragraph 93, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants further admit that Arizona law permits stepparent adoptions.  Defendants affirmatively allege that Arizona law concerning "parentage presumptions" speaks for itself and deny any of paragraph 93's allegations that are inconsistent with or that otherwise

1  mischaracterize that law.  Defendants are without information and knowledge sufficient
2  to form a belief concerning paragraph 93's remaining allegations and therefore deny
3  them.

4      91.    Responding to paragraph 94, Defendants admit that Arizona's Constitution
5  and statutes define marriage as the union of one man and one woman.  Defendants
6  further admit that Arizona law allows only persons whose marriages are recognized
7  under Arizona law to file a married-filing-jointly or a married-filing-separately state tax
8  return.  Defendants also admit that the Arizona Department of Revenue requires each
9  member of a same-sex couple that files a joint federal income tax return to file an
10  individual allocation schedule.  Defendants affirmatively allege that the state laws that
11  paragraph 94 references speak for themselves.  Defendants are without information and
12  knowledge sufficient to form a belief concerning paragraph 94's remaining allegations
13  and therefore deny them.

14      ***Plaintiffs Kelli Olson and Jennifer Hoefle Olson***

15      92.    Defendants are without knowledge and information sufficient to form a
16  belief concerning paragraph 95's allegations and therefore deny them.

17      93.    Defendants are without knowledge and information sufficient to form a
18  belief concerning paragraph 96's allegations and therefore deny them.

19      94.    Defendants are without knowledge and information sufficient to form a
20  belief concerning paragraph 97's allegations and therefore deny them.

21      95.    Defendants are without knowledge and information sufficient to form a
22  belief concerning paragraph 98's allegations and therefore deny them.

23      96.    Responding to paragraph 99, Defendants admit that Arizona's Constitution
24  and statutes define marriage as the union of one man and one woman.  Defendants
25  further admit that Arizona law permits stepparent adoptions.  Defendants affirmatively
26  allege that Arizona law concerning "parentage presumptions" speaks for itself and deny
27  any of paragraph 99's allegations that are inconsistent with or that otherwise
28  mischaracterize that law.  Defendants are without knowledge and information sufficient

to form a belief concerning paragraph 99's remaining allegations and therefore deny them.

97.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 100's allegations and therefore deny them.

98.     Responding to paragraph 101, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants further admit that Arizona law allows only persons whose marriages are recognized under Arizona law to file a married-filing-jointly or a married-filing-separately state tax return.  Defendants also admit that the Arizona Department of Revenue requires each member of a same-sex couple that files a joint federal income tax return to file an individual income allocation schedule.  Defendants affirmatively allege that the state laws that paragraph 101 references speak for themselves.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 101's remaining allegations and therefore deny them.

### Plaintiffs Kent Burbank and Vicente Talanquer

99.     Defendants are without knowledge and information sufficient to form a belief concerning paragraph 102's allegations and therefore deny them.

100.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 103's allegations and therefore deny them.

101.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 104's allegations and therefore deny them.

102.    Responding to paragraph 105, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants further admit that Arizona law currently permits only married couples to jointly adopt children.  Defendants also admit that Arizona law permits stepparent adoptions.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 105's remaining allegations and therefore deny them.

103.    Responding to paragraph 106, Defendants admit that Arizona's

1   Constitution and statutes define marriage as the union of one man and one woman.

2   Defendants further admit that Arizona law permits stepparent adoptions.  Defendants are

3   without knowledge and information sufficient to form a belief concerning paragraph

4   106's remaining allegations and therefore deny them.

5       104.   Defendants are without knowledge and information sufficient to form a

6   belief concerning paragraph 107's allegations and therefore deny them.

7       105.   Responding to paragraph 108, Defendants admit that Arizona's

8   Constitution and statutes define marriage as the union of one man and one woman.

9   Defendants are without knowledge and information sufficient to form a belief

10  concerning paragraph 108's remaining allegations and therefore deny them.

11      106.   Responding to paragraph 109, Defendants admit that Arizona's

12  Constitution and statutes define marriage as the union of one man and one woman.

13  Defendants further admit that Arizona law allows only persons whose marriages are

14  recognized under Arizona law to file a married-filing-jointly or a married-filing-

15  separately state tax return.  Defendants also admit that the Arizona Department of

16  Revenue requires each member of a same-sex couple that files a joint federal income tax

17  return to file an individual income allocation schedule.  Defendants affirmatively allege

18  that the state laws that paragraph 109 references speak for themselves.  Defendants are

19  without information and knowledge sufficient to form a belief concerning paragraph

20  109's remaining allegations and therefore deny them.

21              ***Plaintiffs C.J. Castro-Byrd and Jesús Castro-Byrd***

22      107.   Defendants are without knowledge and information sufficient to form a

23  belief concerning paragraph 110's allegations and therefore deny them.

24      108.   Responding to paragraph 111, Defendants admit that Arizona's

25  Constitution and statutes define marriage as the union of one man and one woman.

26  Defendants are without knowledge and information sufficient to form a belief

27  concerning paragraph 111's remaining allegations and therefore deny them.

28      109.   Defendants are without knowledge and information sufficient to form a

1   belief concerning paragraph 112's allegations and therefore deny them.

2         110.   Defendants are without knowledge and information sufficient to form a

3   belief concerning paragraph 113's allegations and therefore deny them.

4         111.   Defendants are without knowledge and information sufficient to form a

5   belief concerning paragraph 114's allegations and therefore deny them.

6         112.   Responding to paragraph 115, Defendants admit that Arizona's

7   Constitution and statutes define marriage exclusively as the union of one man and one

8   woman.  Defendants further admit that Arizona law allows only persons whose

9   marriages are recognized under Arizona law to file a married-filing-jointly or a married-

10   filing-separately state tax return.  Defendants also admit that the Arizona Department of

11   Revenue requires each member of a same-sex couple that files a joint federal income tax

12   return to file an individual income allocation schedule.  Defendants affirmatively allege

13   that the state laws that paragraph 115 references speak for themselves.  Defendants are

14   without information and knowledge sufficient to form a belief concerning paragraph

15   115's remaining allegations and therefore deny them.

16         113.   Responding to paragraph 116, Defendants admit that Arizona's

17   Constitution and statutes define marriage as the union of one man and one woman.

18   Defendants further admit that Arizona law currently permits only married couples to

19   jointly adopt children.  Defendants are without knowledge and information sufficient to

20   form a belief concerning paragraph 116's remaining allegations and therefore deny them.

21         114.   Responding to paragraph 117, Defendants admit that Arizona's

22   Constitution and statutes define marriage as the union of one man and one woman.

23   Defendants are without knowledge and information sufficient to form a belief

24   concerning paragraph 117's remaining allegations and therefore deny them.

25         ***Plaintiff Patrick Ralph***

26         115.   Defendants are without knowledge and information sufficient to form a

27   belief concerning paragraph 118's allegations and therefore deny them.

28         116.   Defendants are without knowledge and information sufficient to form a

1   belief concerning paragraph 119's allegations and therefore deny them.

2       117.   Defendants are without knowledge and information sufficient to form a

3   belief concerning paragraph 120's allegations and therefore deny them.

4       118.   Defendants are without knowledge and information sufficient to form a

5   belief concerning paragraph 121's allegations and therefore deny them.

6       119.   Defendants are without knowledge and information sufficient to form a

7   belief concerning paragraph 122's allegations and therefore deny them.

8       120.   Responding to paragraph 123, Defendants admit that Arizona's

9   Constitution and statutes define marriage as the union of one man and one woman.

10   Defendants are without knowledge and information sufficient to form a belief

11   concerning paragraph 123's remaining allegations and therefore deny them.

12       121.   Responding to paragraph 124, Defendants admit that Arizona's

13   Constitution and statutes define marriage as the union of one man and one woman.

14   Defendants are without knowledge and information sufficient to form a belief

15   concerning paragraph 124's remaining allegations and therefore deny them.

16       122.   Responding to paragraph 125, Defendants admit that Arizona's

17   Constitution and statutes define marriage as the union of one man and one woman.

18   Defendants are without knowledge and information sufficient to form a belief

19   concerning paragraph 125's remaining allegations and therefore deny them.

20                    ***Plaintiff Josefina Ahumada***

21       123.   Defendants are without knowledge and information sufficient to form a

22   belief concerning paragraph 126's allegations and therefore deny them.

23       124.   Defendants are without knowledge and information sufficient to form a

24   belief concerning paragraph 127's allegations and therefore deny them.

25       125.   Defendants are without knowledge and information sufficient to form a

26   belief concerning paragraph 128's allegations and therefore deny them.

27       126.   Defendants are without knowledge and information sufficient to form a

28   belief concerning paragraph 129's allegations and therefore deny them.

127.    Responding to paragraph 130, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 130's remaining allegations and therefore deny them.

128.    Responding to paragraph 131, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants are without knowledge and information sufficient to form a belief concerning paragraph 131's remaining allegations and therefore deny them.

### Plaintiff Equality Arizona

129.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 132's allegations and therefore deny them.

### General Allegations

130.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 133's allegations about an "individual's capacity to establish a loving and enduring relationship" and therefore deny it.  Defendants deny paragraph 133's remaining allegations.

131.    Responding to paragraph 134, Defendants admit Plaintiffs' general allegation that courts and society have discarded prior restrictions on interracial marriage and coverture.  Defendants deny paragraph 134's remaining allegations.

132.    Defendants affirmatively allege that United States Supreme Court case law speaks for itself.  Defendants deny any of paragraph 135's allegations that are inconsistent with or that otherwise mischaracterize that case law.

133.    Defendants are without knowledge and information sufficient to form a belief concerning paragraph 136's allegations and therefore deny them.

134.    Defendants admit that "the State has a valid interest in protecting the public fisc."  Defendants deny that the State has made any invidious distinctions between classes of its citizens.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 137's remaining allegations and therefore deny them.

135.    Defendants admit that the State has an interest in child welfare, but deny paragraph 138's remaining allegations.

136.    Defendants deny the first allegation in paragraph 139 about marriage's effect on the home environment where children are raised.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 139's remaining allegations and therefore deny them.

137.    Defendants deny paragraph 140's allegations.

138.    Defendants affirmatively allege that the cases that paragraph 141 references speak for themselves.  Defendants deny any of paragraph 141's allegations that are inconsistent with or that otherwise mischaracterize the scope of the holdings in those cases.

139.    Defendants deny paragraph 142's allegations.

140.    Defendants deny paragraph 143's allegations.

141.    Defendants admit that the State has an interest in the welfare of all children.  Defendants are without knowledge and information sufficient to form a belief concerning paragraph 144's remaining allegations and therefore deny them.

## FIRST CLAIM FOR RELIEF

### Equal Protection on the Basis of Sexual Orientation and Sex
### U.S. Const. Amend. XIV, 42 U.S.C. § 1983

142.    Defendants incorporate their responses to paragraphs 1 through 144 as if fully set forth herein.

143.    Paragraph 146 recites the relief that Plaintiffs request in this lawsuit. Defendants are not required to respond to such allegations in this responsive pleading. To the extent that any response is necessary, Defendants deny that Plaintiffs are entitled to any of the relief that they request.

144.    Responding to paragraph 147, Defendants admit that Section 1 of the Fourteenth Amendment to the U.S. Constitution provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law; nor deny to any

1    person within its jurisdiction the equal protection of the laws."  Defendants deny

2    paragraph 147's remaining allegations.

3        145.    Defendants deny paragraph 148's allegations.  Defendants affirmatively

4    allege that the reference to "all other sources of Arizona law" does not provide sufficient

5    detail for Defendants to identify what sources of Arizona law (other than those that

6    Plaintiffs have specifically identified in their Second Amended Complaint) Plaintiffs are

7    asking the Court to declare unconstitutional.

8        146.    Defendants deny paragraph 149's allegations.

9        147.    Defendants deny paragraph 150's allegations.

10       148.    Defendants deny paragraph 151's allegations.

11       149.    Responding to paragraph 152, Defendants admit that Arizona's

12   Constitution and statutes define marriage as the union of one man and one woman, but

13   deny that those constitutional and statutory provisions violate Plaintiffs' constitutional

14   rights.  Defendants deny paragraph 152's remaining allegations.

15       150.    Defendants deny that same-sex couples are identical to opposite-sex

16   couples in all characteristics related to the State's interest in marriage.  Defendants are

17   without information and knowledge sufficient to form a belief concerning paragraph

18   153's remaining allegations and therefore deny them.

19       151.    Defendants are without information and knowledge sufficient to form a

20   belief concerning paragraph 154's allegations and therefore deny them.

21       152.    Responding to paragraph 155, Defendants admit on information and belief

22   that some individuals in same-sex relationships raise children together.  Defendants are

23   without information and knowledge sufficient to form a belief concerning paragraph

24   155's remaining allegations and therefore deny them.

25       153.    Defendants deny paragraph 156's allegations.

26       154.    Responding to paragraph 157, Defendants affirmatively allege that case

27   law setting out the appropriate level of scrutiny speaks for itself and deny any of

28   paragraph 157's allegations that are inconsistent with or that otherwise mischaracterize

the legal determinations in those cases.  Defendants deny paragraph 157's remaining allegations.

155.    Responding to paragraph 158, Defendants admit on information and belief that some individuals that identify as lesbian or gay have been discriminated against. Defendants are without information and knowledge sufficient to form a belief concerning paragraph 158's remaining allegations and therefore deny them.

156.    Defendants admit paragraph 159's allegations.  But Defendants affirmatively allege that in light of the State's interest in and purpose for marriage, same-sex couples contribute to society in ways that are different from opposite-sex couples.

157.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 160's allegations and therefore deny them.

158.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 161's allegations and therefore deny them.

159.    Defendants deny the allegations in the first sentence of paragraph 162. Defendants are without information and knowledge sufficient to form a belief concerning paragraph 162's remaining allegations and therefore deny them.  All the generically referenced laws in paragraph 162 speak for themselves, and Defendants deny any of paragraph 162's allegations that are inconsistent with or that otherwise mischaracterize those laws.

160.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 163's allegations and therefore deny them.  All the generically referenced laws in paragraph 163 speak for themselves, and Defendants deny any of paragraph 163's allegations that are inconsistent with or that otherwise mischaracterize those laws.

161.    Defendants deny paragraph 164's allegations.

162.    Responding to paragraph 165, Defendants affirmatively allege that the Arizona Constitution's Article 30, Section 1 speaks for itself and deny any of paragraph 165's allegations that are inconsistent with or that otherwise mischaracterize that

provision.  Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman.  Defendants deny paragraph 165's remaining allegations.

163.    Responding to paragraph 166, Defendants admit that Arizona's Constitution and statutes define marriage as the union of one man and one woman. Defendants deny that those laws create an impermissible sex-based classification or otherwise discriminate on the basis of sex.  Defendants are without information and knowledge sufficient to form a belief concerning the remaining allegations contained in paragraph 166 and therefore deny them.

164.    Defendants deny paragraph 167's allegations.

165.    Responding to paragraph 168, Defendants admit that Arizona law does not create legal distinctions between the duties of husbands and wives, but deny paragraph 168's remaining allegations.

166.    Defendants deny paragraph 169's allegations.

167.    Defendants deny paragraph 170's allegations.

## SECOND CLAIM FOR RELIEF

**Substantive Due Process**
**U.S. Const. Amend. XIV, 42 U.S.C. § 1983**

168.    Defendants incorporate their responses to paragraphs 1 through 170 as if fully set forth herein.

169.    Paragraph 172 recites the relief that Plaintiffs request in this lawsuit. Defendants are not required to respond to such allegations.  To the extent that any response is required, Defendants deny that Plaintiffs are entitled to any of the relief that they request.

170.    Responding to paragraph 173, Defendants admit that Section 1 of the Fourteenth Amendment to the U.S. Constitution provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law."  Defendants deny paragraph 173's remaining allegations.

171.    Responding to paragraph 174, Defendants affirmatively allege that the

1   Fourteenth Amendment to the U.S. Constitution speaks for itself and deny any of

2   paragraph 174's allegations that are inconsistent with or that otherwise mischaracterize

3   that constitutional provision.  Defendants further affirmatively allege that whatever

4   rights and interests Plaintiffs have in their private intimate conduct and family

5   relationships do not entitle them to the relief that they request in their Second Amended

6   Complaint.  Defendants deny paragraph 174's remaining allegations.

7        172.   Defendants deny paragraph 175's allegations.  Defendants affirmatively

8   allege that paragraph 175's reference to "all other sources of Arizona law" does not

9   provide sufficient detail for Defendants to identify what sources of Arizona law (other

10   than those that Plaintiffs have specifically identified in their Second Amended

11   Complaint) Plaintiffs are asking the Court to declare unconstitutional.

12        173.   Defendants deny paragraph 176's allegations.

13        174.   Defendants affirmatively allege that paragraph 177's allegations contain

14   conclusions of law that require no response and that the law speaks for itself.  To the

15   extent that a response is required, Defendants deny paragraph 177's allegations.

16        175.   Responding to paragraph 178, Defendants admit that as Maricopa County

17   Superior Court Clerk, Defendant Jeanes is responsible for the issuance of marriage

18   licenses.  Defendants deny paragraph 178's remaining allegations.

19        176.   Responding to paragraph 179, Defendants admit that as Arizona's Director

20   of Health Services and the State's Registrar of Vital Records, Defendant Humble is

21   responsible for the issuance of Arizona death certificates and the licensure of Arizona

22   health care institutions.  Defendants deny paragraph 179's remaining allegations.

23        177.   Responding to paragraph 180, Defendants admit that as Director of

24   Arizona's Department of Revenue, Defendant Raber is responsible for overseeing

25   Arizona's tax administration and revenue collection by the Department of Revenue.

26   Defendants deny paragraph 180's remaining allegations.

27        178.   Defendants deny paragraph 181's allegations..

28        179.   Defendants deny paragraph 182's allegations.

**DECLARATORY AND INJUNCTIVE RELIEF**

**28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure, Rules 57 and 65**

180.    Defendants incorporate their responses to paragraphs 1 through 182 as if fully set forth herein.

181.    Defendants deny that Plaintiffs are entitled to the declaratory relief that they request.  Defendants are without information and knowledge sufficient to form a belief concerning the allegations of harm that paragraph 184 asserts and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.

182.    Defendants deny that Plaintiffs are entitled to the preliminary and/or permanent injunctive relief that they request.  Defendants are without information and knowledge sufficient to form a belief concerning the allegations of harm that paragraph 185 asserts and therefore deny them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.

183.    Defendants deny paragraph 186's allegations.  Defendants affirmatively allege that preliminary relief is not appropriate in this case.  *See* Order, *Herbert v. Kitchen*, No. 13A687 (U.S. Jan. 6, 2014).

**<u>GENERAL DENIAL</u>**

184.    Defendants deny each and every allegation not specifically and expressly admitted herein.

**<u>PRAYER FOR RELIEF</u>**

Responding to paragraphs (A), (B), (C), (D), and (E) of Plaintiffs' Second Amended Complaint, Defendants affirmatively allege that those paragraphs constitute Plaintiffs' prayer for relief and that Defendants are not required to respond to such allegations.  To the extent that any response is required, Defendants deny that Plaintiffs are entitled to any of the requested relief.  Defendants affirmatively allege that the references to "any other sources of Arizona law" in paragraphs A and B do not provide sufficient detail for Defendants to identify what sources of Arizona law (other than those

that Plaintiffs have specifically identified in their Second Amended Complaint) Plaintiffs are asking the Court to declare unconstitutional.

## AFFIRMATIVE DEFENSES

1.     All or part of Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

2.     Defendants reserve the right to assert all additional defenses available to them, including all defenses that Federal Rules of Civil Procedure 8 and 12 set forth.

Having fully answered Plaintiffs' Second Amended Complaint, Defendants respectfully request that the Court deny Plaintiffs' requests for relief, order that Plaintiffs take nothing, and award Defendants any other and further relief that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury in this action on all issues so triable.

Respectfully submitted this 8th day of August, 2014.

Thomas C. Horne
Attorney General

Robert L. Ellman
Solicitor General


 s/ *Kathleen P. Sweeney*
Kathleen P. Sweeney
Assistant Attorney General

Byron J. Babione
James A. Campbell
Kenneth J. Connelly
J. Caleb Dalton
Special Assistant Attorneys General
Alliance Defending Freedom

Attorneys for Defendants

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

3

Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same if non-registrants, this 8th day of August, 2014:

4

5

                Jennifer C. Pizer
                Carmina Ocampo

6

                Lambda Legal Defense & Education Fund, Inc.
                4221 Wilshire Blvd., Suite 280

7

                Los Angeles, CA 90010
                jpizer@lambdalegal.org

8

                cocampo@lambdalegal.org

9

                Paul F. Eckstein
                Daniel C. Barr

10

                Kirstin T. Eidenbach
                Barry G. Stratford

11

                Alexis E. Danneman
                Perkins Coie LLP

12

                2901 North Central Avenue, Suite 2000
                Phoenix, AZ 85012-2788

13

                PEckstein@perkinscoie.com
                DBarr@perkinscoie.com

14

                KEidenbach@perkinscoie.com
                BStratford@perkinscoie.com

15

                ADanneman@perkinscoie.com
                DocketPHX@perkinscoie.com

16

                Attorneys for Plaintiffs

17

  s/  Maureen Riordan

18

19

20

21

22

23

#4099624

24

25

26

27

28

26